UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21651-COOKE/DAMIAN

SKYJET, INC., *a Texas for profit corporation*,

    Plaintiff,

vs.

CSDS ASSET MANAGEMENT, LLC, *a Nevada limited liability company*,

    Defendant.

_____/

## ORDER DENYING JOINT MOTION TO ALLOW REMOTE TESTIMONY AT JULY 13, 2022 EVIDENTIARY HEARING [ECF NO. 21]

THIS CAUSE is before the Court on Plaintiff, Skyjet, Inc.'s ("Plaintiff"), and Defendant, CSDS Asset Management, LLC's ("Defendant"), Joint Motion to Allow Testimony Via Zoom At July 13, 2022 Evidentiary Hearing (the "Motion"). [ECF No. 21].

The Court has reviewed the Motion, the pertinent portions of the record, and all relevant authorities, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is denied.

Plaintiff filed a Motion for Preliminary Injunction on June 3, 2022. [ECF No. 7]. On June 17, 2022, Defendant filed a Response to the Motion for Preliminary Injunction, [ECF No. 16], and a request for evidentiary hearing. [ECF No. 17]. In the request for hearing, Defendant asserts that the facts at issue are "bitterly contested" and correctly argues that in such circumstances, where the issues are bitterly contested, an evidentiary hearing is

warranted. *Id.* at 2. The underlying lawsuit and the requested injunction involve a three-million-dollar ($3,000,000.00) aircraft and at least $250,000.00 in damages.

The same day the hearing request was filed, this Court set an evidentiary hearing for July 13, 2022, giving the parties nearly one-month notice. [ECF No. 18]. Now, one week before the scheduled hearing, Plaintiff requests that its corporate representative not be required to attend the hearing in person on its Motion for Preliminary Injunction in this bitterly contested lawsuit citing difficulty arranging childcare. [ECF No. 21]. And Defendant likewise requests that its corporate representative not be required to attend the hearing in person "should circumstances warrant it necessary." *Id.* at 2.

Federal Rule of Civil Procedure 43(a) provides that for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than in open court. The Advisory Committee's Notes on the 1996 Amendment to Rule 43 explain the requisite "good cause" and "compelling circumstances" as follows:

> Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.
> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other — and perhaps more important — witnesses might not be available at a later time.

Fed. R. Civ. P. 43 advisory committee's notes to 1996 amendment.

Here, Plaintiff has failed to establish "good cause" or "compelling circumstances" warranting its corporate representative's purported need to testify remotely having stated only that arranging childcare has "deemed difficult." As the Advisory Committee's Notes clarify, this inconvenience is not the type of "good cause" or "compelling circumstances" that would justify granting Plaintiff's request. Likewise, Defendant has not demonstrated any "good cause" or "compelling circumstances" justifying its request to have its corporate representative testify remotely. The Court also notes that this is not a request for disinterested non-party witnesses who have received a subpoena requiring their attendance in a different jurisdiction, but, instead it is the parties themselves who seek to be excused from attending the hearing.

The parties have not shown "good cause in compelling circumstances" to excuse the parties, through their corporate representatives (or any other witnesses), to testify by remote means rather than attend the evidentiary hearing in their case in person. Accordingly, it is hereby

ORDERED and ADJUDGED that the Motion [ECF No. 21] is **DENIED**.

**DONE and ORDERED** in Chambers at Miami, Florida, this 7th day of July 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record